UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **SANTOS CANO**, *et al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-10-28** |
| | § | |
| **CITY OF VICTORIA,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant City of Victoria's ("the City") Motion to Dismiss for Failure to State a Claim (Dkt. No. 6). The City's motion is ripe for ruling and deemed unopposed because the submission date has passed and Plaintiffs Santos Cano, Victor Cano, Morris Valentine, Dahlia Villarreal, and Joe Huerta, Jr. ("Plaintiffs") have not filed a response.[1] After considering the motion, record, and applicable law, the Court is of the opinion that The City's motion should be **GRANTED**.

**I. Factual and Procedural Background**

According to Plaintiffs' Original Complaint, "The police beat many of the Plaintiffs and wrongfully arrested others," and "sought to wrongfully prosecute Plaintiff(s)." (Dkt. No. 1 at 1.) Then, after the grand jury declined to indict, the police pursued charges in municipal court, which were ultimately dropped. (*Id.*) Plaintiffs further maintain that the City Counsel ratified the conduct of the police, and that the City, along with the police, engaged in a pattern of activities to cover up police misconduct. (*Id.*)

---

1. *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 21 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). The deadline for Plaintiff's response was September 17, 2010. To date, Plaintiffs have not responded to Defendant's Motion to Dismiss.

Plaintiffs originally alleged causes of action under 42 U.S.C. § 1983 for excessive force and wrongful arrest against Officer Felan, Officer Melson, and the City. The Court previously dismissed all claims against Officers Felan and Melson for want of prosecution. (Dkt. No. 11) The City, which is the only remaining defendant to this action, now moves to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in her favor. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737—38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957) 'no set of facts' standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face"

and "raise a right to relief above the speculative level." *Id.*; *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

## III. Analysis

The City argues that Plaintiffs' Complaint must be dismissed under Rule 12(b)(6) because it fails to state an actionable claim against the City under section 1983. As noted *supra*, Plaintiffs have not responded to the City's motion to dismiss, and the motion is therefore deemed unopposed. However, unopposed motions that dispose of litigation may not be automatically granted. *See John v. Louisiana Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 707—10 (5th Cir. 1985). The Court will thus address the merits of the City's motion.

Under section 1983, a city may be held liable only for constitutional violations resulting from policy or custom. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). There is no respondeat superior liability under section 1983. *Id.* Thus, to state a section 1983 claim against a municipality, Plaintiffs must allege that: "1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred [by a person acting under the color of state law]; and 4) the custom or policy served as the moving force behind the violation." *Meadowbriar Home for Children v. G.B. Gunn*, 81 F.3d 521, 532—33 (5th Cir. 1996). Plaintiffs must also assert that the municipality's inadequate policy or custom was adopted with deliberate indifference to the constitutional rights of its citizens. *City of Canton v. Harris*, 489 U.S. 378, 387—91 (1989).

With respect to part one of the four-part test set out by the Fifth Circuit in *Meadowbriar*, the Court finds that Plaintiffs' Complaint does nothing more than provide a formulaic recitation that "[t]he City has policies and practices supporting this type of conduct," referring to the beating, wrongful arrest, and wrongful prosecution of Plaintiffs by police. However, Plaintiffs have alleged no facts regarding any specific policy or custom the City has in place. Likewise, although Plaintiffs recite

3

that a constitutional violation occurred as required under part three—*i.e.*, the "unconstitutional excessive force used against Plaintiffs and wrongful arrests"—Plaintiffs fail to set forth any facts showing that the force used against them by police was excessive or unreasonable, or that their arrests were effectuated without a proper arrest warrant or probable cause. *See Johnston v. City of Houston*, 14 F.3d at 1059, 1061 (5th Cir. 1994); *Heitschmidt v. City of Houston*, 161 F.3d 834, 839 (5th Cir. 1998). With respect to parts two and four, Plaintiffs fail to identify any governmental policy makers or allege that they actually or constructively knew of the existence of the City's alleged "policies and practices," and also fail to allege that these policies served as the moving force behind the police officers' actions. Finally, Plaintiffs fail to allege that the City's alleged "policies and practices" were adopted with "deliberate indifference" to the constitutional rights of its citizens, as required by *City of Canton*, 489 U.S. at 387—91.

Accordingly, the Court finds that Plaintiffs' Complaint fails to state a Section 1983 claim against the City.

**IV. Conclusion**

For the reasons set forth above, Defendant City of Victoria's Motion to Dismiss for Failure to State a Claim (Dkt. No. 6) is **GRANTED**, and this action is hereby **DISMISSED**.

It is so **ORDERED**.

**SIGNED** this 28th day of October, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE